# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

INJAH TAFARI,

                                        Plaintiff,

          -v.-                                          9:12-CV-703
                                                        (GLS/ATB)

ALBERT PRACK, et al.,

                                        Defendants.


INJAH TAFARI
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## AMENDED[1]-ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court for review another in a long line of civil rights

complaints brought pursuant to 42 U.S.C. § 1983 by pro se plaintiff InJah Tafari.[2]

---

[1] After this court docketed its Report-Recommendation in this action, plaintiff filed a "Motion to Amend" his complaint. (Dkt. No. 7).  This amended Report-Recommendation will consider that motion to amend.

[2] Since November 2011, plaintiff has filed nine other civil rights actions in this District.  *See Tafari v. Rock*, 9:11-CV-1342 (NAM/TWD); *Tafari v. Uhler*, 9:11-CV-1390 (DNH/DRH); *Tafari v. Uhler*, 9:11-CV-1422 (GTS/TWD); *Tafari v. Zerniak*, 9:11-CV-1429 (DNH/DEP); *Tafari v. Gettman*, 9:11-CV-1446 (TJM/DEP); *Tafari v. Bellnier*, 9:11-CV-1447 (LEK/RFT); *Tafari v. Bosco*, 9:11-CV-1464 (GTS/RFT); *Tafari v. Smith*, 9:11-CV-1476 (GLS/DRH); *Tafari v. Ferrick*, 9:12-CV-662 (GLS/DEP).  The claims in these actions all arise out of plaintiff's confinement at Upstate Correctional Facility, as do the claims alleged in an earlier-filed action.  *See Tafari v. LeClaire*, 9:10-CV-0577 (FJS/TWD).

   In a Memorandum-Decision and Order filed November 1, 2010, in *Tafari v. LeClaire*, Senior United States District Judge Frederick J. Scullin, Jr. denied plaintiff's application to commence the action in forma pauperis, finding that plaintiff had accumulated "three strikes" pursuant to Section 1915(g) and was not entitled to invoke the imminent danger exception set forth in Section 1915(g).  *Id.*, Dkt. No. 7 (the "November Order").  Plaintiff's motion for reconsideration of the November Order was denied in a Memorandum-Decision and Order filed June 1, 2011.  *Id.*, Dkt. No. 21 (the "June Order").  On February 1, 2012, the Second Circuit denied plaintiff's motion to proceed IFP and dismissed his appeal as frivolous.  *See Tafari v. LeClaire*, 11-2821 (2d Cir.; (Dkt. No. 33).  Plaintiff made a motion for reconsideration of the Second Circuit's order. (Dkt. No. 35 in 11-2821).  On April 18, 2012, the Second Circuit denied plaintiff's motion for reconsideration, and on April 30, 2012, the Second Circuit issued its Mandate denying IFP and dismissing plaintiff's appeal as frivolous (lacking an arguable basis

(Dkt. No. 1).  Plaintiff has not paid the filing fee and seeks leave to proceed with this action in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915.  (Dkt. No. 2).

Where a plaintiff seeks leave to proceed IFP, a court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee.  Upon review, the Court finds that plaintiff has met the economic criteria for proceeding without the payment of fees.  (Dkt. No. 2).  In addition to the financial criteria for proceeding IFP, the statute contains provisions limiting the ability to obtain IFP status for those individuals who have filed at least three actions or appeals that have been dismissed as frivolous or for failure to state a claim. 28 U.S.C. § 1915(g).  This provision has become known as the "three strikes" rule.  *See Tafari v. Hues*, 473 F.3d 440, 441 (2d Cir. 2007).

Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

in law or in fact) (Dkt. Nos. 38, 39 in 11-2821).

Plaintiff is a frequent litigator in the federal courts[3] and is well aware of the "three strikes" rule. Judges in this District have found that plaintiff has acquired four "strikes" for purposes of Section 1915(g).[4] *See Tafari v. LeClaire*, 10-CV-0577, Memorandum-Decision and Order, Dkt. No. 7 at 3-4 (N.D.N.Y. filed Nov. 1, 2010) (Scullin, S.J.); *Tafari v. Evans*, 11-CV-0081, Memorandum-Decision and Order, Dkt. No. 4 at 6-7 (N.D.N.Y. filed May 12, 2011) (Suddaby, D.J.) (appeal pending). As stated above in footnote 2, the Second Circuit has recently dismissed another one of plaintiff's appeals as frivolous, creating another "strike." *See Tafari v. Leclaire*, No. 11-2821-pr (2d Cir. April 30, 2012) (citing 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact)).

Plaintiff is clearly subject to the "three strikes" provision of section 1915(g), and he does not argue otherwise. The statute contains one exception, providing that the "three strikes" rule will be excused if the plaintiff is under "imminent" danger of

---

[3] Plaintiff has filed well over twenty-five actions in the district courts in this circuit, and multiple appeals, since 2000. *See* U.S. Party/Case Index (last visited April 19, 2012) http://pacer.uspci.uscourts.gov/cgibin/dquery.pl.

[4] The four strikes occurred through the dismissals of the following actions and appeals: *Tafari v. Aidala*, No. 00-CV-0405 (W.D.N.Y. Sept. 28, 2001); *Tafari v. Aidala*, No. 01-0279 (2d Cir. Apr. 15, 2002); *Tafari v. Stein*, No. 09-0710 (2d Cir. Nov. 13, 2009); and *Tafari v. France*, No. 06-1876 (2d Cir. Nov. 2, 2006). *See also Tafari v. LeClaire*, No. 9:10-CV-0577, Memorandum-Decision and Order, Dkt. No. 7 at 3-4 (concluding that Tafari had accumulated four strikes) (N.D.N.Y. filed Nov. 1, 2010) (Scullin, S.J.), *aff'd*, No. 11-2821-pr (2d Cir. April 30, 2012); *Tafari v. Evans*, No. 9:11-CV-0081, Memorandum-Decision and Order, Dkt. No. 4 at 6-7 (same) (N.D.N.Y. filed May 12, 2011) (Suddaby, D.J.), *appeal docketed*, No. 12-0274 (2d Cir. Jan. 17, 2012).

physical injury.  Plaintiff in this case, and every other case he has filed since November of 2011, makes the argument that he is in such danger.  Thus, the court must determine if plaintiff has met the requirements for this exception before he can be allowed to proceed IFP in this case.

Congress enacted the "imminent danger" exception to create a safety valve to prevent *impending* harms to prisoners who would otherwise be barred from proceeding in forma pauperis.  *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).  The danger must be present when the plaintiff files his complaint.  *Id*. Although allegations of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (internal quotations omitted), may qualify, "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."  *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citations omitted).

In considering whether plaintiff has sufficiently demonstrated that he is entitled to in forma pauperis status pursuant to the "imminent danger" exception to the three-strikes rule, the Court is guided by the Second Circuit's recent decision in *Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010).   In *Chavis*, the court found that

> Chavis's attempt to expand on his complaint stated that one of the officers who had allegedly beaten him on July 17 had 'verbally threatend[ed] to assault [him] again,' and that another of those officers had visited his cell 'for

4

intimidation reasons.'  This by itself would appear to be sufficient to allege imminent danger of serious physical injury.  An allegation of a *recent* brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.

618 F.3d at 170 (emphasis added).  The court also stated that the feared physical injury must be "serious," and that the court should not make an "overly detailed inquiry into whether the allegations qualify for the exception because section 1915(g) concerns only "a threshold procedural question," while other portions of section 1915 deal with the early screening of meritless suits. *Id.* at 169-70 (quoting *Andrews, v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (other citation omitted).

Finally, the court also held that if plaintiff adequately alleges imminent danger on some claims, the action may proceed on any other claims contained in the same complaint, even though they may lack a nexus to imminent danger. 618 F.3d at 171. Read another way, *Chavis* holds that at least one of the claims must have a nexus to the "imminent danger" that plaintiff asserts.  *See also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (the imminent danger must be "fairly traceable to unlawful conduct asserted in the complaint, and a favorable outcome would redress that injury).  This court does not read *Chavis* or *Pettus* to hold that a "general" allegation of danger will suffice to allow a "three strikes" plaintiff to file multiple complaints with claims that are entirely unrelated to the allegation of danger.

In *Brown v. Philidelphia*, the Third Circuit held that it "need not accept all allegations of injury made pursuant to § 1915(g).  To the contrary, a court may discredit 'factual claims of imminent danger that are 'clearly baseless,' *i.e.* allegations

5

that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Brown v. Philadelphia*, 331 F. App'x 898, 900 (3d Cir. 2009).  The court may consider  "judicially noticable facts in determining whether the allegations are baseless or wholly incredible." *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

In *Brown*, the court took "judicial notice of the fact that Brown has demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions" and considered that Brown had managed to evade the three strikes rule and continue to pursue filings by "repeatedly invoking the imminent danger exception under § 1915(g)." *Id.*  The court looked at Brown's other actions and "confirmed that they are all substantially similar, setting forth myriad vague, generalized, and unsupported claims."  *Id.*

In this case, plaintiff challenges five disciplinary hearings that he alleges resulted from false retaliatory misbehavior reports, beginning on July 25, 2010, and ending with the final disciplinary hearing on December 3, 2010, that defendant Prack allegedly "modified" and affirmed on February 24, 2011. (Compl. ¶¶ 6-11; Dkt. No. 1).  None of the disciplinary hearings challenged have any relationship to plaintiff's claim of "imminent danger."  In an attempt to bring his complaint within the *Chavis* ruling, plaintiff alleges that in **December of 2011**, approximately one year after the last hearing that plaintiff challenges in this complaint,  Donald Selsky[5] visited

---

[5] Donald Selsky was the "Director of SHU."  He is not even a defendant in this case, and he works or worked in Albany, not at Upstate, where plaintiff is currently confined.

plaintiff at his cell to threaten him with being placed in a "body bag" if he did not "leave them alone." (Compl. ¶ 13).

Plaintiff then alleges that on February 15, 2012, defendant Uhler ordered Sergeant Gettman to frisk plaintiff's cell and beat plaintiff.[6] (Compl. ¶ 14). Neither Sergeant Gettman, nor the individuals who allegedly beat plaintiff on February 15, 2012 are defendants in this action, thus, any alleged "imminent" danger from these individuals will not be mitigated by this action's ability to proceed without payment of fees.[7] Finally, plaintiff alleges that between February 15, 2012 and April 23, 2012, a mere week prior to filing this complaint, defendant Uhler visited plaintiff's cell **seventeen** (17) times to threaten him against pursuing his federal "claim" against "them," and to tell plaintiff that defendant Uhler would have his men murder plaintiff if he did not comply with this demand. (Compl. ¶ 16).

This case is factually dissimilar to the *Chavis* decision, and plaintiff cannot rely on *Chavis* to overcome the "three strikes" rule. There is no imminent danger resulting from disciplinary hearings that were completed a year prior to plaintiff's filing of his complaint, and plaintiff's attempt to create imminent danger by claiming that Donald Selsky and defendant Uhler recently visited his cell to threaten him

---

[6] It is unclear from this complaint how plaintiff knows that defendant Uhler "ordered" Sergeant Gettman to have plaintiff's cell frisked **and** plaintiff beaten. However, the court notes that in *Tafari v. Gettman*, 9:11-CV-1446, plaintiff alleges that Sergeant Gettman announced to plaintiff that defendant Uhler "ordered this beating," referring to the July beating. (Dkt. No. 1 in 9:11-CV-1446 at ¶ 7). Thus, plaintiff may be assuming that defendant Uhler also "ordered" the current beating.

[7] Sergeant Gettman is a defendant in *Tafari v. Gettman*, 9:11-CV-1446 (TJM/DEP), one of the cases in which plaintiff has been allowed to proceed IFP based upon the "imminent danger" exception, and in which he accuses Sergeant Gettman of an earlier assault.

cannot succeed.  Plaintiff's claim of  imminent danger has no nexus to the disciplinary hearings, and plaintiff does not name as defendants any of the individuals who have allegedly engaged in conduct that is the basis for his imminent danger argument.  Allowing this case to proceed IFP would not address ***any*** harm to which plaintiff claims he will be subjected.[8]  This further distinguishes plaintiff's case from *Chavis's* holding that the case would be allowed to proceed IFP on claims to which the imminent danger exception applies as well as those for which there is no imminent danger in the *same action* because there are *no* claims in this case that have a nexus to the alleged "imminent danger."[9]  *See Chavis*, 618 F.3d at 171-72.  This court finds that plaintiff has not alleged "imminent danger" sufficient for the court to allow him to proceed IFP in this case.

As stated above, plaintiff filed a motion to amend his complaint on May 23,

---

[8] As stated above, plaintiff has a pending action that has been allowed to proceed against Sergeant Gettman and other corrections officers, alleging the use of excessive force against plaintiff in July of 2011. *Tafari v. Gettman*, 9:11-CV-1446 (TJM/DEP).

[9] The court would also note that this would not be the first time that plaintiff has attempted to avoid the "three strikes" rule when challenging disciplinary hearings.  In *Tafari v. Rock*, No. 10-CV-729, 2012 WL 1340799, at *1-2 (W.D.N.Y. April 18, 2012), District Judge Michael Teleska dismissed plaintiff's challenges to five Tier III Superintendent's hearings that were transferred from this court.  In an attempt to avoid the "three strikes" rule, plaintiff filed the cases as habeas corpus actions. *Id.*  The court "recharacterized" the petitions as complaints brought under section 1983 and held that Mr. Tafari "brought this proceeding as a 28 U.S.C. § 2254 petition in an attempt to make an 'end run' around the [three strikes] rule and obtain poor person status." *Id.* at *2.  The court denied his IFP application and then found, in the alternative, that the complaint did not state a claim for relief. *Id.* at *3-7.  The court noted that plaintiff had not claimed "imminent danger," nor did his pleadings suggest that this was the case.  He did not have an opportunity to do so because his "end run" involved bringing a case that did not require the allegation of imminent danger. *See also Tafari v. Rock*, No. 11-CV-57 (W.D.N.Y. April 24, 2012), in which District Judge Telesca dismissed plaintiff's attempt at bringing habeas petitions and arguing that "the 'three strikes' provision of the Prison Litigation Reform Act . . . did not apply because he was seeking habeas relief." *Id.* at *1-2.  Judge Telesca also found that plaintiff made no allegation of imminent danger, and "indeed his pleadings contain no suggestion that this is the case." *Id.* at *2.

2012. (Dkt. No. 7).  The purported amendment did not add new defendants, nor did it add new facts to the disciplinary hearing challenges.  Plaintiff is attempting to add new alleged assaults to bolster his claim of "imminent danger." (Dkt. No. 7 at ¶¶ 7-19).  The rest of the complaint is essentially identical to the original and challenges five disciplinary hearings.  The court will allow plaintiff to add these new facts because, notwithstanding plaintiff's claims of recent assaults, this court still finds that the alleged imminent danger bears no nexus to the claims that plaintiff is bringing in the original or the amended complaint.

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiff's motion to amend (Dkt. No. 7) is GRANTED, and it is

RECOMMENDED, that plaintiff's in forma pauperis application (Dkt. No. 2) be DENIED, pursuant to the three strikes provision of 28 U.S.C. § 1915(g), and it is further

RECOMMENDED, that if this recommendation is approved, plaintiff be required to pay the $ 350.00 in full within one month following the date the court approves the recommendation.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have FOURTEEN (14) DAYS within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 23, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge